# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CARLOS JULEMISTE,<br>　　　　Appellant, | DOCKET NUMBER<br>AT-1221-20-0032-W-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　Agency. | DATE: July 5, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carlos Julemiste, Miami, Florida, for the appellant.

Joved Gonzalez-Rivera, Mayaguez, Puerto Rico, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the jurisdictional analysis, we AFFIRM the initial decision.

On review, the appellant states that there was a misunderstanding about the purpose of his complaint, which concerns an alleged prohibited personnel practice under 5 U.S.C. § 2302(b)(2). Petition for Review File, Tab 1 at 3-4. It appears that the Office of Special Counsel (OSC) may have misconstrued his complaint as a claim of whistleblowing reprisal, and that his claim is rather that the selecting official for a Staff Assistant position violated § 2302(b)(2) and/or (b)(4) when she contacted his supervisor without his consent. Initial Appeal File (IAF), Tab 6 at 7-10, Tab 7 at 3, Tab 9 at 5. If that is in fact the sole basis of this appeal, we must dismiss it, as the Board lacks jurisdiction to consider alleged violations of 5 U.S.C. § 2302(b)(2) or (b)(4) in the absence of an otherwise appealable action. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982) (stating that the prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction). Moreover, there is no law, rule, or regulation that would grant the Board authority to review a possible error by OSC in interpreting the appellant's complaint. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir.

1985) (stating that the Board's authority is limited to those matters over which it has been given jurisdiction by law, rule, or regulation).

If the appellant's claim is one of reprisal for whistleblowing, we find that the appellant did not meet his burden of establishing jurisdiction over his IRA appeal. To establish jurisdiction over an IRA appeal, an appellant must exhaust his administrative remedies with OSC and make nonfrivolous allegations[2] that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined at 5 U.S.C. § 2302(b)(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

Here, the closeout letter and notice of appeal rights issued by OSC indicate that the appellant—intentionally or not—exhausted his remedies with OSC with respect to two disclosures: (1) disclosing to a union official that his supervisor had first directed him not to initiate a payment ratification, and then directed him to initiate it outside the authorized time frame; and (2) disclosing to the agency's Office of General Counsel that his supervisor was distributing gift cards and asking him to make purchases in violation of agency policy.[3] IAF, Tab 1 at 7, 10. The OSC correspondence also identifies two alleged retaliatory actions: (1) the appellant's nonselection for a Staff Assistant position, and (2) the creation of a hostile work environment.[4] *Id.*

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that (1) is more than conclusory, (2) is plausible on its face, and (3) is material to the legal issues in the appeal. *Id.*

[3] While the appellant did allege that he engaged in these communications, it is doubtful that he intended to characterize them as protected disclosures under 5 U.S.C. § 2302(b)(8).

[4] Under the circumstances of this case, we need not decide whether appellant nonfrivolously alleged that the disclosures were protected under 5 U.S.C. § 2302(b)(8), or whether the alleged hostile work environment constituted a "personnel action" as

Under the statute governing IRA appeals, an employee may demonstrate that a disclosure or protected activity was a contributing factor in the contested personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure or protected activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or protected activity was a contributing factor in the personnel action. 5 U.S.C. § 1221(e)(1); *Salerno*, 123 M.S.P.R. 230, ¶ 13. The knowledge-timing test is only one way of establishing contributing factor, and if an appellant fails to satisfy the knowledge-timing test, other evidence must be considered, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the responsible agency officials, and whether those individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶¶ 14-15 (2012).

Here, the administrative judge found that the appellant did not make a nonfrivolous allegation that his disclosures were a contributing factor in his nonselection, because there was no evidence that the selecting official knew of the appellant's disclosures. IAF, Tab 13, Initial Decision at 4-5. However, lack of knowledge is not dispositive of the contributing factor issue. Thus, it was error for the administrative judge to rely solely on the selecting official's lack of knowledge.

Nonetheless, the appellant has not at any point alleged—nonfrivolously or otherwise—that the disclosures identified by OSC were a contributing factor in his nonselection or his alleged hostile work environment. Accordingly, we affirm the administrative judge's conclusion that the appellant did not establish jurisdiction. Because we lack jurisdiction over his case, we do not reach the appellant's remaining arguments.

---

defined at 5 U.S.C. § 2302(a)(2)(A).

**NOTICE OF APPEAL RIGHTS**[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.